Michael Burshteyn (SBN 295320)
Marcelo Barros (SBN 339069)
Kristin O'Carroll (SBN 312902)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com
Kristin.OCarroll@gtlaw.com

Attorneys for Plaintiff
*Legacy Investments Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEGACY INVESTMENTS HOLDINGS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOES 1-20,<br><br>    Defendants. | CASE NO.<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, EARLY DISCOVERY, AND ALTERNATIVE SERVICE**<br><br>**[FILED UNDER SEAL]** |

1

ACTIVE 715521920v3

**PROPOSED ORDER**

Having considered Plaintiff's Motion for Early Discovery, Alternative Service, and Application for Temporary Restraining Order and Order to Show Cause For Preliminary Injunction ("Motion"), any statements or declarations submitted in support of the Motion, this Court determines that the Motion is **GRANTED**.

**Temporary Restraining Order ("TRO")**

The Court **FINDS**:

1) On or around June 14, 2023, Defendants executed a cyberattack targeting Legacy Worldwide Investments II, Ltd., resulting in the theft of approximately $28 million in digital assets.

2) The attack was initiated through a fraudulent "airdrop" from a decentralized finance project known as ▇▇▇▇▇. Malicious code embedded in the airdrop enabled unauthorized access to the Victim's blockchain wallet and the transfer of assets to accounts believed to be controlled by Defendants.

3) Following the theft, Defendants engaged in a complex laundering scheme involving multiple blockchain networks and decentralized finance platforms, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

4) Defendants used the stolen assets as collateral on the ▇▇▇▇ lending protocol to borrow additional funds, creating a leveraged borrowing loop designed to obscure the origin and ownership of the stolen assets.

5) Plaintiff has traced the stolen funds to specific wallet addresses and lending contracts, and has demonstrated that the assets remain at risk of dissipation due to market volatility and Defendants' continued efforts to conceal and leverage the funds, located at:

   a. Under centralized ERC-20 token in the following initial transaction: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

   b. And as indicated in the table below:

| Lending Contract Address | Blockchain | Position | Token Amount | USD Amount |
|---|---|---|---|---|
| ██████████████████████████████████████████████████████████████████████████████████████ | | | | |

6) The Court finds that immediate injunctive relief is necessary to preserve the status quo, prevent further dissipation of assets, and enable Plaintiff to serve Defendants and third parties with notice of this action.

7) Plaintiff has demonstrated a likelihood of success on the merits of its claims, including conversion, violation of the Computer Fraud and Abuse Act (CFAA), unjust enrichment, replevin, and fraud.

8) Plaintiff has shown that it will suffer irreparable harm absent immediate injunctive relief, including the potential permanent loss of stolen assets and the inability to recover funds due to further obfuscation.

9) The balance of equities favors Plaintiff, as Defendants have no legitimate claim to the stolen assets and would suffer no undue burden from being restrained from further dissipation.

10) The public interest supports the issuance of a TRO to prevent further misuse of stolen digital assets and to deter similar fraudulent conduct.

11) The identities of Defendants are currently unknown, and notice is impracticable. Plaintiff has certified its efforts to identify and notify Defendants and has demonstrated that immediate and irreparable injury will result before Defendants can be heard in opposition.

Based on the allegations in the Complaint and the evidence presented, together with the sworn statements verifying the facts alleged, the Court further **CONCLUDES** that Plaintiff has demonstrated that the balance of the equities favors granting a TRO.  The Court finds that the balance of equities favors Plaintiff because Defendants have no lawful claim to the stolen assets and would suffer no legitimate hardship from being restrained from further transferring or concealing them.  In contrast, Plaintiff faces the imminent risk of permanent loss of over $28 million in digital assets if injunctive relief is not granted.

Based on the allegations in the Complaint and the evidence presented, together with the sworn statements verifying the facts alleged, the Court further **CONCLUDES** that Plaintiff has demonstrated that the public interest is favored by granting a TRO.  The Court further finds that the public interest supports issuance of a TRO to prevent the continued misuse of stolen funds and to deter similar fraudulent schemes.  Enjoining Defendants' conduct promotes accountability in decentralized financial systems and reinforces the integrity of digital asset markets.

**IT IS THEREFORE ORDERED THAT:**

Effective immediately and until further order of the Court, Defendants John Does 1–20, and all persons acting in active concert or participation with them, are:

1) **Enjoined** transferring, dissipating, concealing, or otherwise disposing of any digital assets traceable to the theft described in Plaintiff's motion;

2) **Ordered** to preserve all digital assets currently held in the wallets and accounts identified in the motion and supporting declarations; are

3) **Authorized** to be served with this Order via NFT to the Ethereum walled addressed identified in Plaintiff's filings; and

4) **Subject** to notice of this Order being provided to third-party platforms and exchanges that may hold or control assets associated with Defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).

**IT IS FURTHER ORDERED** that this injunction shall remain in effect until further order of the Court, pending a hearing on Plaintiff's application for a preliminary injunction, which shall be set for _____, 2025, at _____ a.m./p.m.

**IT IS FURTHER ORDERED** that notice to Defendants is not required prior to issuance of this Temporary Restraining Order. Defendants are anonymous actors who have actively concealed their identities and are engaged in ongoing efforts to move and launder stolen digital assets. Plaintiff has demonstrated that it is unable to identify or locate Defendants for the purpose of providing notice. Further, providing notice may cause Defendants to dissipate assets, causing irreparable harm to Plaintiff. Under Rule 65(b)(1), the Court concludes that immediate and irreparable injury will result before Defendants can be heard in opposition, and that the circumstances justify issuance of this Order without notice.

**Alternative Service via NFT**

Having reviewed Plaintiff's Motion and supporting materials, and good cause appearing, the Court **FINDS** that:

1) Plaintiff has demonstrated that traditional service is impracticable due to Defendants' anonymity and use of blockchain-based infrastructure to perpetrate the alleged fraud.
2) Plaintiff has identified wallet addresses used by Defendants in connection with the alleged misconduct.
3) Service via non-fungible token (NFT) to those wallet addresses is reasonably calculated to provide actual notice to Defendants and comports with constitutional due process requirements under Federal Rule of Civil Procedure 4(f)(3).

**IT IS HEREBY ORDERED THAT:**

Plaintiff is granted leave to serve the Doe Defendants via NFT to the wallet addresses identified in Paragraph 4 of the Declaration of Julia Gottesman.

Plaintiff shall serve on these addresses an NFT which contains a notice of this action with summons language and a hyperlink specially created website that includes:

(a) a notice of this action;

(b) a hyperlink to the summons and Complaint; and

(c) all filings and orders in this action.

The NFT shall display on its face an image that includes the summons in this action when delivered to the addresses identified above.

Plaintiff shall include messaging with the NFT indicating that it is effectuating service of official court documents, in order to mitigate the risk that Defendants perceive the NFT as a scam or malicious code.

Service via NFT shall be deemed effective upon successful transfer of the NFT to the identified wallet addresses.

**Expedited Discovery**

Having considered Plaintiff's Motion for Expedited Discovery, and good cause appearing, the Court finds that:

1) Plaintiff has demonstrated that expedited discovery is necessary to identify the unknown Defendants responsible for the alleged theft of digital assets.

2) Plaintiff has shown that seeking information from cryptocurrency exchanges and service providers that may possess identifying information about Doe Defendants and the methods used, is narrowly tailored, relevant to Plaintiff's claims, and essential to advancing the case.

3) The balance of equities favors granting limited early discovery, and the request is not unduly prejudicial to any party.

The discovery sought is consistent with Rule 45 and Rule 26(d) of the Federal Rules of Civil Procedure and is supported by precedent permitting early discovery to identify anonymous defendants. *See, e.g.*, *UMG Recordings, Inc. v. Does 1–4*, 2006 WL 1343597 (N.D. Cal. Mar. 6, 2006); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002); *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999).

**IT IS HEREBY ORDERED THAT:**

1) Plaintiff is granted leave to serve expedited discovery on third-party entities identified in its

motion, including cryptocurrency exchanges and blockchain service providers, for the purpose of:

    a. Identifying the individuals or entities responsible for the alleged spoofing attack and theft of digital assets;

    b. Obtaining information relevant to the location, movement, and current status of the stolen assets;

    c. Determining the methods used by Defendants to execute and conceal the attack.

2) Each subpoena recipient shall have thirty (30) days from the date of service to object to or move to quash the subpoena.

3) Plaintiff may use any information obtained through this expedited discovery solely for the purpose of identifying and prosecuting its claims against the John Doe Defendants in this action.

It is so **ORDERED**.

DATED: _____, 20\_\_\_\_        _____

                                                                        United States District Court Judge