UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY INVESTMENTS HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOES 1-20,<br><br>　　　　Defendant. | Case No. 25-cv-08800-RFL<br><br>**ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 4 |

　　　　Plaintiff has filed a motion for a temporary restraining order, expedited discovery, and alternate service relating to the alleged theft of digital assets on or around June 14, 2023, by unknown hackers. (Dkt. No. 2 ("TRO Motion").) In support of the TRO Motion, Plaintiff submits the report of an investigator, who asserts that on May 29, 2025, she was able to trace the stolen funds. (Dkt. No. 3-1 ¶ 5.) Plaintiff also moves to seal certain sensitive information regarding the transactions. (Dkt. No. 4.) Having reviewed Plaintiff's submissions, the following order is entered:

　　　　1. For compelling reasons shown, Plaintiff's Motion to Seal is provisionally **GRANTED**. The unredacted documents attached to the motion shall remain provisionally sealed, without prejudice to Defendants opposing sealing once they have been served.

　　　　2. Plaintiff shall contact the Courtroom Deputy to propose potential TRO hearing dates on which Plaintiff's expert is available for testimony, after which a hearing date will be set from among those proposed. If necessary, Plaintiff may also

propose the hearing take place via Zoom rather than in person. The Court intends to reserve sixty minutes for the hearing.

3. For compelling reasons shown in the TRO Motion, the TRO hearing shall be provisionally sealed, and shall be held *ex parte* (via private Zoom session, if not held in person). Plaintiff shall have 14 days after the date of the hearing to review the transcript and file a proposed redacted version of the transcript and any exhibits. An unsealed, redacted transcript and exhibits will then be made available to the public.

4. Plaintiff's expert shall be available to testify at the TRO hearing. At the hearing, Plaintiff and Plaintiff's expert shall be prepared to address the following questions:

    a. Plaintiff's expert's declaration does not explain how she knows that the assets involved in the transaction identified on May 29, 2025, are traceable to those stolen from Plaintiff on June 14, 2023, but states simply that Plaintiff "learned" this to be the case. What investigative steps led to the conclusion that these assets are traceable to those originally stolen?

    b. Is it possible that the assets in the May 29, 2025, transaction are currently held by an innocent purchaser, who gave something of value to Defendants in exchange for those assets without knowing that the assets were traceable to the theft? What indication is there that the assets continue to be held by Defendants rather than an innocent purchaser? Would there be any basis for enjoining the further transfer of the assets by an innocent purchaser?

    c. If Plaintiff can establish that it is likely to be able to prove that the relevant assets are traceable to the original theft and that they continue to be held by Defendants, the Court is considering issuing a temporary restraining order limited to freezing the ▮▮▮▮▮▮▮▮▮▮▮▮

       ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ identified by Plaintiff's expert, which is now being used ▓▓▓▓▓▓▓▓▓▓, and enjoining ▓▓▓ from allowing ▓▓▓▓▓▓▓▓▓ with the funds from that ▓▓▓▓. Does Plaintiff believe this relief would be insufficient to prevent dissipation of assets?

    d. If Plaintiff believes additional relief is necessary to prevent dissipation of assets, Plaintiff is requested to provide a chart listing the assets proposed to be enjoined from transfer with specificity. Plaintiff and Plaintiff's expert should be prepared to explain at the hearing for each such asset, the evidence supporting the conclusions (a) that the asset is traceable to those stolen on June 14, 2023, and (b) that the asset continues to be possessed by Defendants and not an innocent purchaser.

    e. Plaintiff proposes that it effectuate service via NFT on several "wallets," but has not provided any evidence that those wallets remain in use by Defendants, or where the wallets are located geographically. Plaintiff's expert should be prepared to testify to whether any of the wallets remain in active use by Defendants, which wallets were associated with the May 29, 2025 transaction, and the geographic location of the wallets. Plaintiff should be prepared to address the implications of the Hague Service Convention on the proposed service plan.

5. Any exhibits or demonstratives that Plaintiff wishes to use at the hearing shall be filed at least two court days prior to the hearing.

**IT IS SO ORDERED.**

Dated: October 15, 2025

RITA F. LIN
United States District Judge