UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY INVESTMENTS HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOES 1-20,<br><br>　　　　Defendant. | Case No. 25-cv-08800-RFL<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 17 |

　　　For the reasons set forth in the Court's accompanying Opinion (Dkt. No. 17), it is hereby **ORDERED** that a temporary restraining order is entered, as follows:

1. Effective immediately upon effective service of this Order, Doe Defendants, and all persons acting in active concert or participation with them, are:

    a. **Enjoined** from transferring, dissipating, concealing, or otherwise disposing of any digital assets held in the following wallets and/or smart contracts:

    

    b. **Ordered** to preserve all digital assets currently held in the following wallets and/or smart contracts:

    

2. Plaintiff shall provide notice of this Order to all third-party platforms and exchanges that hold or control the above assets on behalf of Doe Defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).

3. The unredacted version of this Order and the accompanying Opinion is filed under seal pursuant to the Court's prior sealing order. (Dkt. No. 9.) Plaintiff is authorized to disclose the unredacted version of this Order and the accompanying Opinion to effectuate the temporary restraining order, including by providing copies to Doe Defendants and the relevant third-party platforms and exchanges.

4. This temporary restraining order shall remain in effect until **November 6, 2025, at 9:00 p.m. Pacific Time**.

5. Plaintiff shall **immediately** effectuate service via NFT, as described in the accompanying Opinion, on the following addresses:



6. By **October 24, 2025**, Plaintiff shall file either a proof of service, or a declaration describing why service has not been completed.

7. Doe Defendants are **ORDERED TO SHOW CAUSE** in-person at a hearing in Courtroom 15 at the San Francisco Courthouse on **November 4, 2025, at 10:00 a.m.** why a preliminary injunction should not issue. Doe Defendants shall file a response to Plaintiffs Motion (Dkt. No. 3) by no later than **October 29, 2025**. Any reply shall be filed by **October 31, 2025**.

For the reasons set forth in the Court's accompanying opinion**, IT IS FURTHER ORDERED THAT** Plaintiff is granted leave to serve subpoenas on third-party cryptocurrency exchanges and blockchain service providers used by Doe Defendants to hold or transfer the assets at issue. Discovery is authorized solely for the purpose of identifying the individuals or entities responsible for the alleged theft of assets in this case and for tracing the assets at issue.

Each proposed subpoena recipient shall have 30 days from service of the subpoena to object to, or move to quash or modify, the subpoena, and this order is without prejudice to any objections recipients may wish to bring.

**IT IS SO ORDERED.**

Dated: October 23, 2025, at 9:54 a.m.

RITA F. LIN
United States District Judge