UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY INVESTMENTS HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-20, <br><br> Defendant. | Case No. 25-cv-08800-RFL <br><br> **ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff's motion for a temporary restraining order was previously granted (Dkt. Nos. 17–18), but the order was lifted after Plaintiff informed the Court that it was not prepared to effectuate service (Dkt. Nos. 23–24). Plaintiff has now renewed its request for a temporary restraining order, and has incorporated by reference its early motion. (Dkt. No. 26-3.) Plaintiff submits a declaration stating that it has already served the Complaint and documents relevant to its motion, and that the addresses at issue remain active. (Dkt. No. 26-2.) Having considered Plaintiff's renewed request, it is **GRANTED** for the reasons described in the October 23, 2025 Opinion. (Dkt. No. 17 ("Opinion").)

For the reasons set forth in this Order and in the Opinion, it is hereby **ORDERED** that a temporary restraining order is entered, as follows:

1. Effective immediately upon effective service of this Order, Doe Defendants, and all persons acting in active concert or participation with them, are:

    a. **Enjoined** from transferring, dissipating, concealing, or otherwise disposing of any digital assets held in the following wallets and/or smart contracts:



; and

b. **Ordered** to preserve all digital assets currently held in the following wallets and/or smart contracts:



; and

2. Plaintiff shall provide notice of this Order to all third-party platforms and exchanges that hold or control the above assets on behalf of Doe Defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).

3. The unredacted version of this Order is filed under seal pursuant to the Court's prior sealing order. (Dkt. No. 9.) Plaintiff is authorized to disclose the unredacted version of this Order and the Opinion to effectuate the temporary restraining order, including by providing copies to Doe Defendants and the relevant third-party platforms and exchanges.

4. This temporary restraining order shall remain in effect until **November 21, 2025, at 9:00 p.m. Pacific Time**.

5. Plaintiff shall **immediately** effectuate service of this Order via NFT, using the method described in the Opinion, on the following addresses:



; and

6. This service shall be in addition to any previous service related to this case—so that Defendants receive notice of this Order and of the deadlines set below.

7. By **November 10, 2025**, Plaintiff shall file either a proof of service, or a declaration describing why service has not been completed.

8. Doe Defendants are **ORDERED TO SHOW CAUSE** in-person at a hearing in

Courtroom 15 at the San Francisco Courthouse on **November 20, 2025, at 9:30 a.m.** why a preliminary injunction should not issue.  Doe Defendants shall file a response to Plaintiffs Motion (Dkt. No. 3) by no later than **November 14, 2025**.  Any reply shall be filed by **November 18, 2025**.

For the reasons set forth in the Court's Opinion**, IT IS FURTHER ORDERED THAT** Plaintiff is granted leave to serve subpoenas on third-party cryptocurrency exchanges and blockchain service providers used by Doe Defendants to hold or transfer the assets at issue.  Discovery is authorized solely for the purpose of identifying the individuals or entities responsible for the alleged theft of assets in this case and for tracing the assets at issue.  Each proposed subpoena recipient shall have 30 days from service of the subpoena to object to, or move to quash or modify, the subpoena, and this order is without prejudice to any objections recipients may wish to bring.

**IT IS SO ORDERED.**

Dated: November 7, 2025, at 8:53 a.m.

RITA F. LIN
United States District Judge