UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY INVESTMENTS HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-20,<br><br>        Defendant. | Case No. 25-cv-08800-RFL<br><br>**PRELIMINARY INJUNCTION ORDER** |

Plaintiff was previously granted an *ex parte* temporary restraining order. (Dkt. Nos. 18, 20, 29–30 ("TRO Orders").)[1] It now seeks a preliminary injunction. Plaintiff has effectuated service via NFT of the papers in this case—including notice of the briefing schedule and hearing date for its motion—on several cryptocurrency wallets, as authorized by the Court. (Dkt. Nos. 39, 37-2.) Defendants have not filed any opposition to the motion, nor did any Defendant appear at the hearing on the motion. Therefore, for the reasons stated in the TRO Orders, the related Opinion (Dkt. Nos. 17, 19), and on the record at the hearing, Plaintiff's request for a preliminary injunction is **GRANTED**, and a preliminary injunction is entered, as follows:

1. Effective immediately, Doe Defendants, and all persons acting in active concert or participation with them, are:

    a. **Enjoined** from transferring, dissipating, concealing, or otherwise disposing of any digital assets held in the following wallets and/or smart contracts:

---

[1] The restraining order was initially lifted after Plaintiff informed the Court that it was not prepared to effectuate service, but was subsequently reinstated. (Dkt. No. 30.)



and

    b. **Ordered** to preserve all digital assets currently held in the following wallets and/or smart contracts:



; and

2. Plaintiff shall provide notice of this Order to all third-party platforms and exchanges that hold or control the above assets on behalf of Doe Defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).

3. The unredacted version of this Order is filed under seal pursuant to the Court's prior sealing order. (Dkt. No. 9.) Plaintiff is authorized to disclose the unredacted version of this Order and the Opinion to effectuate the temporary restraining order, including by providing copies to Doe Defendants and the relevant third-party platforms and exchanges.

4. Plaintiff shall **immediately** effectuate service of this Order via NFT, using the method described in the Opinion, on the following addresses:



and

5. This service shall be in addition to any previous service related to this case—so that Defendants receive notice of this Order.

6. By **November 24, 2025**, Plaintiff shall file either a proof of service, or a declaration describing why service has not been completed.

7. This preliminary injunction **SHALL** remain in effect during the pendency of this litigation, and until further order of the Court.

For the reasons set forth in the Court's Opinion, **IT IS FURTHER ORDERED THAT**

3

Plaintiff is granted leave to serve subpoenas on third-party cryptocurrency exchanges and blockchain service providers used by Doe Defendants to hold or transfer the assets at issue. Discovery is authorized solely for the purpose of identifying the individuals or entities responsible for the alleged theft of assets in this case and for tracing the assets at issue. Each proposed subpoena recipient shall have 30 days from service of the subpoena to object to, or move to quash or modify, the subpoena, and this order is without prejudice to any objections recipients may wish to bring.

**IT IS SO ORDERED.**

Dated: November 20, 2025

RITA F. LIN
United States District Judge